UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                    ) Case No._____
                                         )
                                         ) NOTICE OF INTENT TO Sell Real or
                                         ) Personal Property, Compensate Real Estate
                                         ) Broker, and/or Pay any Secured Creditor's Fees
                                         ) and Costs; Motion for Authority to Sell Property
                                         ) Free and Clear of Liens; and Notice of Hearing
                                         ) [**Note**: Do not use to sell personally identifiable
Debtor(s)                                )  information about individuals!]

NOTICE IS GIVEN THAT _____, the
_____ (i.e., debtor, trustee, etc.), intends to sell the property described below and moves for authority to sell said property free and clear of liens pursuant to 11 USC §363(f). The movant's name, address, and telephone # are: _____
_____.

If you wish to object to any aspect of the sale or fees disclosed in ¶7 or ¶15 you must both: (1) attend the hearing set in ¶16 below and, (2) within 23 days of the later of either (a) the date next to the signature below; or (b) the date in any "Clerk" stamp above, file with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins with "3" or "4", at 1001 SW 5th Ave. #700, Portland OR 97204; or if it begins with "6" or "7", at 405 E 8th Ave #2600, Eugene OR 97401) both: (a) a written response stating the specific facts upon which the objection is based, and (b) proof that a copy of the response was served on the movant.

This document shall constitute the notice required by LBR 2002-1. (COMPLETE ALL SECTIONS.)

1. The specific subsections of 11 USC §363(f) movant relies upon for authority to sell the property free and clear of liens are:

2. Buyer's Name & Relation to Debtor:

3. General description of the property (NOTE: If real property, state street address here. Also attach legal description as an Exhibit to the original filed with the court):



4. A copy of the full property description or inventory may be examined or obtained at:

5. The property may be previewed at (include time and place):

6. Other parties to the transaction and their relationship to the debtor are:



7. Gross sales price: $_____. All liens on the property total: $_____, of which Movant believes a total of $_____ need not be paid as secured claims (because the lien is invalid, avoidable, etc., the lienholder consents to less than full payment, or part or all of the underlying debt is not allowable). Secured creditor(s) also seek(s) reimbursement of $_____ for fees and costs. Total sales costs will be: $_____. All tax consequences have been considered and it presently appears the sale will result in net proceeds to the estate after payment of valid liens, fees, costs and taxes of approximately: $_____.

8. The sale    is    is not (**MARK ONE**) of substantially all of the debtor's assets. Terms and conditions of sale:




9. Competing bids must be submitted to the movant no later than (date) _____, and must exceed the above offer by at least _____ (and be on the same or more favorable terms to the estate).

10. Summary of all available information regarding valuation, including any independent appraisals:

11. If ¶7 indicates little or no equity for the estate, the reason for the sale is:

and expenses and taxes resulting from the sale will be paid as follows:

12. (Ch. 11 cases only) The reason for proposing the sale in advance of approval of a plan of reorganization is:

13. The following information relates to lien holders (who are listed in PRIORITY order):

| Name | Service Address (See FRBP 7004) | Approximate Lien Amount | Indicate Treatment at Closing (i.e., Fully Pd., Partially Pd., or Not Pd.) |
|---|---|---|---|

14. Any liens not fully paid at closing shall attach to the sale proceeds in the same order of priority they attach to the property. Any proceeds remaining after paying liens, expenses, taxes, commissions, fees, costs or other charges as provided in this motion, shall be held in trust until the court orders payment.

15. [If real property]  The court appointed real estate broker, _____,
will be paid _____.

16. **A HEARING ON THIS MOTION AND ANY OBJECTIONS TO THE SALE AND/OR FEES WILL BE HELD**
ON _____ AT _____ IN _____
_____ and testimony will be received if offered and admissible.

17. [Unless movant is a Ch. 7 trustee]  I certify that on _____ a copy of this document was served, pursuant to FRBP 7004, on the debtor(s), trustee, if any, U.S. Trustee, each named lien holder at the address listed above, Creditors' Committee Chairperson, if any, and their respective attorneys; and that a copy was also served that date, pursuant to FRBP 2002(a), on all creditors and parties requesting special notice as listed in the Court's records that were obtained on _____, a copy of which is attached to the original document filed with the Bankruptcy Court.

18. FOR FURTHER INFORMATION CONTACT: _____
_____.

DATE: _____   _____
Signature & Relation to Movant

_____
(If debtor is movant) Debtor's Address & Taxpayer ID#(s) (last 4 digits)

INCLUDED ASSETS

Assets are to be transferred for $15,000 free and clear of liens, except for WCB's lien, which is subject to release upon Masi-Dawg's (Buyer's) payment of $10,000 to WCB.

1.    All machinery, equipment, vehicles, tools, furniture, and fixtures listed on Schedule B to Debtor's Voluntary Petition.

2.    All the Debtor's rights under any express or implied contracts with Buyer, Innovative Composite Engineering, Inc. or Steven J. Maier (Buyer's principal).

3.    All of Debtor's accounts receivable and receivables, including without limitation the accounts receivable listed and more particularly described on Schedule B to Debtor's Voluntary Petition, to wit: (a) Accounts Receivable – Officers; (b) Accounts Receivable - Brockway Construction, Inc. for 2010 equipment sublease; (c) Accounts Receivable - Brockway Construction Loan Receivable; and (d) Credit Balance on Office Depot credit card.

4.    All of Debtor's interest in insurance policies.

5.    All of Debtor's liquidated and un-liquidated claims and debts, including Debtor's rights to any tax refunds.

6.    The Debtor's goodwill.

7.    All correspondence, engineering, and plant records, and other similar documents and records.

8.    All rights to all telephone lines and numbers used in the conduct of the business of the Debtor, including without limitation (503) 968-3118, (503) 968-6639, and (800) 536-2374.

9.    All patents, trademarks, trade names, copyrights, service marks, and domain names of the Debtor, all registrations for them, all applications pending for them, and all other proprietary rights and intangible property of the Debtor, including trade secrets, inventions, technology, software, operating systems, customer lists, customer relationships, customer agreements, customer understandings, drawings, blueprints, know-how, formulae, slogans, processes, and operating rights and all other similar items and all such items acquired by the Debtor. The foregoing includes without limitation the name "Engineered Structures" and the domain name "engineeredstructures.com"

10.    All causes in action, causes of action, rights of recovery and setoff, warranty rights, and other similar rights of the Debtor, including without limitation all causes of action against parties to Case No. 0902-00325-0 in the Superior Court for the State of Washington in and for the County of Klickitat.

11.    All of Debtor's assets not otherwise listed above; <u>provided</u>, <u>however</u>, that if unlisted assets are later identified and collected by Buyer, Buyer shall notify the Trustee of such event in writing and the Trustee shall have the right, exercisable within 10 days after receipt of Buyer's

notice to Trustee, to cause Buyer to transfer such newly-found assets back to Trustee to be liquidated with 50% of the proceeds to retained by the Trustee for the benefit of the bankruptcy estate and 50% of the proceeds to be paid to Buyer.

## EXCLUDED ASSETS

1. Debtor's cash

2. Debtor's real estate

3. Debtors vehicles

## ASSUMED LIABILITIES

Buyer is assuming no liabilities of Debtor, other than any assets subject to leases are to be transferred subject to lessor's interests.